Thomas W. KOWALSKI, Jr., Appellant
v.
The PENNSYLVANIA RAILROAD COMPANY, a corporation
v.
Joseph NESBIT, Third-Party Defendant.
No. 71-1053.

United States Court of Appeals,
Third Circuit.
Argued Jan. 21, 1972.
Decided Feb. 10, 1972.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa., for appellant.

David J. Armstrong, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee.

Before ADAMS, and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff, not satisfied with a $9,108.33 verdict and judgment in his favor, representing damages incurred as the result of an automobile accident, has appealed from the denial of his motion for a new trial. There is no issue regarding liability; the sole question relates to damages.

The objections by plaintiff to the proceedings below fall into two broad categories: (1) those concerned with limitations on the admissibility of evidence, and (2) those pertaining to the closing argument of defense counsel and the Court's charge.

Plaintiff, a train conductor for 28 years, was riding in the front seat of a taxi cab hired by the railroad to return him to his home terminal. Enroute, the taxi went through a red light, and was struck by another automobile near where plaintiff was sitting. Although the physical damage to each vehicle was slight, plaintiff was thrown about and received back injuries requiring hospitalization on two occasions. Thereafter, he returned to work, and although he subsequently lost days because of the injuries, these losses diminished in frequency as time passed. During the five years preceding the accident, plaintiff earned an average of $9,750 per year; in the first nine months of 1970, the year of the trial, plaintiff earned approximately $14,000.

During the trial, in an attempt to prove damages resulting from impair-

ment of earning power, plaintiff, in reliance on Wiles v. New York, C. and St. L. R. Co., 283 F.2d 328 (3rd Cir. 1960), sought to introduce evidence to prove that he could be discharged from his employment because of past infractions of the railroad's regulations. However, the trial judge refused to admit evidence with regard to plaintiff's tenure or disciplinary record. The judge also struck testimony elicited in a deposition from defendant's physician witness on cross-examination to the effect that the physician upon examination of a job applicant such as plaintiff, would not recommend him for employment because of the history of litigation. The judge also denied several requests for instructions concerning the possibility that plaintiff would leave the employ of the railroad.

We hold that none of these rulings constitutes reversible error. It is common knowledge that employees might be fired or furloughed, and thus lose employment. *Cf.*, Tate v. Philadelphia Transportation Co., 410 Pa. 490, 190 A. 2d 316 (1963). Therefore, it was within the discretion of the trial court to limit testimony on these matters to prevent a trial within a trial on the collateral issues of a plaintiff's employment rights and discipline record.[1]

Plaintiff also charges that the trial judge erred in striking a portion of the testimony given during the cross-examination of defendant's physician witness. The physician was allowed to describe the nature and causes of symptomology produced by psychoneurosis, even though no other physician had diagnosed plaintiff's condition as such.[2]

However, the stricken testimony related to aggravation of this condition by worry regarding ailing family members or the loss of plaintiff's employment because of the financial condition of the railroad. But, there was no evidence in the case that a member of plaintiff's family was ill, and therefore, testimony as to worry regarding such a matter was properly stricken as irrelevant and prejudicial. Furthermore, it was within the discretion of the trial judge to strike, because of its remote relevancy, the testimony with regard to plaintiff's concern that he would be discharged because of the financial condition of his employer.

The next contention advanced by plaintiff is that the judge erred in not granting a mistrial when defense counsel argued to the jury, allegedly contrary to a stipulation, that the jury could disbelieve that the $550 of stipulated medical bills were legitimately caused by the accident. Some doubt exists on the record as to the exact terms of the stipulation, but the court found as a matter of fact that the stipulation did not cover causation. Nevertheless, defense counsel agreed to readdress the jury on that point so that his argument would conform with plaintiff's conception of the scope of the stipulation. Plaintiff declined this offer, but invited the court to correct any misrepresentations. In his charge, the judge instructed the jury in terms which comported with plaintiff's recollection of the stipulation.[3] Therefore, any error introduced by defendant's closing argument was cured by the charge and is harmless under Fed.R. Civ.P. 61.

---

1. The relevant issue under *Wiles* was put before the jury in the court's charge, which contained the following: "Should he not be able to continue with the railroad *for any reason due to further injury or some other reason*, then to what extent is his earning power impaired by reason of any physical disability which he has arising because of the history of the back injury." (Emphasis added).

2. This witness concluded that plaintiff suffered from "essential hypertension and

. . . possible fibromyastis and possible psychoneurosis."

3. "The Plaintiff has presented $550 of medical bills which he claims were incurred for treatment of his injuries which he describes, and the fact of these medical bills, that is, that they are medical bills, they were incurred by the Plaintiff in attempting to treat himself of these injuries, is not disputed."

We have carefully reviewed the transcript of defendant's argument to the jury in light of the remaining matters raised by plaintiff, and find no error which would justify a retrial of this case.

Accordingly, the judgment and order of the district court will be affirmed.